IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENNIS JOHN TIMS,

    Plaintiff,

v.

CAPT. TODD TESSMAN,[1]
DR. DAVE FIELDS, NURSE KLOVAS,
and CLARK CO. WISCONSIN JAIL,

    Defendants.

OPINION & ORDER

Case No. 19-cv-508-wmc

*Pro se* plaintiff Dennis John Tims is proceeding in this lawsuit on constitutional claims against Clark County Jail employees Dr. Dave Fields, Nurse Klovas, and Captain Todd Tesseman, for failing to provide Tims needed dental care in in 2019 when he was being held at the jail. Tims has filed five motions to compel (dkt. 62, 67, 73, 76 95), motions seeking to accurately identify the defendants and amend his complaint (dkt. 63, 86), two motions seeking issuance of subpoenas (dkts. 70, 84), and a motion for assistance in recruiting counsel (dkt. 85). With the exception that I will grant Tims's request to clarify the occupation of one defendant, I am denying Tims' motions.

**Motions to compel (dkts. 62, 67, 73, 76, 83, 95)**

Tims's first motion to compel, filed May 27, 2022, is directed to defendants Tesseman and Klovas. (Dkt. 62.) Tims asks that I compel this defendant to turn over: (1)

---

[1] In his answer, Tessman modified the spelling of his name from the spelling plaintiff used in his complaint. (*See* dkt. 37.) I have modified the case caption to adopt the corrected spelling, and the clerk of court is directed to do the same.

body camera video footage from June 6, 2019, from Sergeant Lenny Nessars; (2) a June 4, 2019, official statement form submitted by Tims; (3) the identity of the officer assigned to investigate Tims's complaint; (4) case activity reports related to that investigation; (5) the time stamped entry into records of Tessman's response; and (6) the C-Pod surveillance camera video from June 6, 2019.  On June 21, 2022, Tims clarified that he sent counsel for Tessman and Klovas the discovery requests on June 18, 2022.  (Dkt. 67.)

      Tessman and Klovas ask that I deny the motion because Tims did not serve the informal request and he failed to confer with respect to the interrogatories.  Although Tims details his informal attempts to obtain these materials from defendants, he does not state when he served these discovery requests on Tessman and Klovas's counsel.  Tims filed with the court an informal document request on May 6, but that document is not a discovery request, and counsel for Tessman and Klovas represents that he did not receive Tims' First Set of Written Interrogatories until May 30, 2022, after Tims filed his motion to compel.  Tessman and Klovas mailed responses to both the informal discovery requests and the interrogatories on July 12, 2022.

      Tims filed multiple documents in reply.  In a letter labeled "Authenticated Facts" Tims details his efforts to obtain discovery from defendants and his belief that defendants and jail officials are conspiring against him. (Dkt. 76.)  In another filing, Tims asks that I reject defendants' objections to his motion (dkt. 83), and in a third filing he renewed his motion to compel (dkt. 95), acknowledging that defendants Tessman and Klovas responded to his discovery requests but objecting to those responses.  Tims raises numerous arguments in these filings, but to summarize, Tims does not credit defendants'

2

representations that certain pieces of evidence he seeks do not exist. Aside from failing to submit evidence that would tend to dispute defendants' representations, Tims has not shown any effort to resolve his objections with Tessman and Klovas's counsel. Therefore, I am denying all Tims's motions to compel for failure to meet and confer.

Tims directs another motion to compel to defendant Fields, asking that I compel Fields to modify his responses to Tims' first set of interrogatories. (Dkt. 73.) Fields opposes the motion also because Tims failed to meet and confer. Fields points out that Tims received Fields' response to the first set of written discovery requests on July 6, 2022, and that Tims filed his motion to compel six days later without attempting to discuss the responses with Fields' counsel. Fields also argues that the substantive responses were appropriate; he objected to certain discovery requests as overbroad and burdensome because Tims did not limit the scope of his requests to a relevant time period and asked vague questions and posed irrelevant hypotheticals. I need not resolve whether Fields' objections were appropriate; I am denying Tims's motion as premature.

Tims may renew his motion to compel if he can show that he made good faith efforts to work out these disputes directly with defense counsel but was unable to do so in an objectively reasonable way. This means that Tims must submit copies of any correspondence with defense counsel, or a declaration sworn under penalty of perjury detailing the dates of his communications with defense counsel, what issues Tims raised with him, and why he believes he is entitled to more discovery than defense counsel is willing to provide.

3

Additionally, before renewing any motion to compel, Tims needs to consider whether pursuing another discovery motion is a productive use of his time and energy. Litigants can't always get what they want during discovery, but they usually get what they actually need. Toward that end, Tims would be well-served by focusing his discovery efforts more tightly and, if he files another motion, by narrowing the issues he raises to the court. If we get there from here, then Tims must explain why he believes the materials he is requesting will lead him to evidence related to his claims. It doesn't advance the ball for Tims to present arguments about the merits of is claims, or to argue that defendants' handling of discovery reflects a larger conspiracy against him. When seeking discovery from the defendants or in another motion to the court, Tims needs to keep in mind the nature of his claims: he is challenging the medical care he received from three workers at the jail between January and June of 2019. Timms is not pursuing claims that a broader group of jail employees conspired against him. I will not grant any motion to compel that seeks documents that are beyond the scope of Timms's claims in this lawsuit.

**Motion to accurately identify defendants (dkt. 63) and to amend complaint (dkts. 86-87)**

Tims asks to amend his complaint to correctly identify defendant Fields as a physician's assistant rather than a defendant, and to also take judicial notice that defendants intentionally misrepresented Fields' title. (Dkt. 63, at 3.) Defendants object because Tims did not file a proposed amended complaint that properly identifies defendant Fields, and because there is no basis to conclude that any defendant intentionally misrepresented Fields' proper title. I agree that there is no basis to find that defendants

4

intentionally misrepresented Fields's occupation, and in any event, a misrepresentation is not a fact subject to judicial notice. *See* Fed. R. Evid. 201. Therefore, I will grant these motions in part by correcting defendant Fields' title, but I will deny Tims's request that the court take judicial notice that defendants misrepresented Field's title.

**Motions for Issuance of Subpoenas (dkts. 70, 84)**

Tims asks that I direct the clerk of court to issue subpoenas for him to serve on defendant Tessman and the Clark County Jail's administrative assistant, for production of documents. (Dkt. 70.) I am denying this motion because Tims can obtain these materials from defendant Tessman through discovery.

Tims also asks that I direct the clerk of court to issue a subpoena for production of documents to Melissa Inlow, a Clark County District Attorney. However, the documents Tims seeks from Inlow are the same documents he has been attempting to obtain from the existing defendants in this lawsuit. Tims has not shown that he is unable to obtain these documents through discovery request to defendants, or that Inlow might possess these documents. Therefore, I am denying this motion as well.

**Motion for Assistance in Recruiting Counsel (dkt. 85)**

Finally, I am denying Tims' renewed motion for assistance in recruiting counsel. As a starting point, this court would find a volunteer attorney for every pro se litigant if enough lawyers were available to do this, but they're not. This court receives over 200 new pro se lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such

cases and they don't even take one every year. So, the court is forced to marshal this scarce resource. Pro se litigants do not have a right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to help pro se litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Specifically, Tims must show that he is unable to afford counsel, that he has made reasonable efforts on his own to find a lawyer to represent him, and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *See Pruitt*, 503 F.3d at 654-55. Tims has met the first two requirements, but not the third.

Tims argues that he needs counsel to litigate this case because of the difficulties he has faced during the discovery process and because he has limited access to the law library. My discussion above explaining that defendants have not evaded his discovery requests illustrates why Tims' first concern is not a reason to recruit counsel for him. Tims also says that defendants have ignored his attempted to provide notice of his intent to depose a judge. However, Tims does not explain why he needs to take this deposition to gather evidence relevant to his claims in this case, and the filings attached to his motion do not show that he followed Federal Rule of Civil Procedure 30(b) to properly notice this deposition, or that he can pay the cost of a court reporter. Even though Tims' frustrations might indicate that he does not understand the nuances of the Federal Rules of Civil Procedure, Tims has not shown that he is unable to read and follow these rules. Nor has Tims shown that defendants are standing in the way of him conducting discovery. Tims's

filings indicate that he is capable of reviewing the precise requirements of the Federal Rule of Civil Procedure and engaging in the discovery process with defendants in accordance with those rules. Additionally, although Tims faces limitations on his access to the law library, he has shown through his numerous filings that this has not adversely impacted his ability to litigate this case.

Therefore, Tims has not shown that the legal and factual difficulty of this case exceeds his abilities, and I am denying his motion for assistance in recruiting counsel without prejudice. Tims may renew this motion at a later time in this lawsuit, but before doing so he should be aware that, given Tims' motivation and understanding of the law, it is highly unlikely that Judge Conley would grant any renewed request unless this case proceeds to trial.

ORDER

1. Plaintiff Dennis Tims' motions to compel and related motions (dkts. 62, 67, 73, 76, 83, 95) are DENIED, as provided above.

2. Tims' motions to correct the record and amend his complaint (dkt. 63, 86) are GRANTED in part and DENIED in part, as provided above.

3. Tim's motions for issuance of subpoenas (dkts. 70, 84) are DENIED.

4. Tims' motion for assistance in recruiting counsel (dkt. 85) is DENIED without prejudice.

Entered this 31st day of August, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge